[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, John F. Merchant (Merchant), appeals from a decision of the defendant, the State Ethics Commission (commission), in which the commission found that Merchant violated the Ethics Code, General Statutes § 1-84 (c), by failing to charge a full day of vacation time or personal leave time when he went out of state on personal business. In finding CT Page 8609 Merchant in violation of General Statutes § 1-84 (c), the commission acted pursuant to authority granted to it by General Statutes § 1-82 (b). Merchant brings this appeals pursuant to General Statutes §§ 4-183 and 1-87.
FACTS
In 1991, Merchant was appointed as Consumer Counsel for the Office of Consumer Counsel (OCC), State of Connecticut. (Appeal, ¶ 1.) On June 25, 1994, Jeffrey Olgin (Olgin), a staff attorney in the OCC, filed a complaint against Merchant with the commission alleging five separate violations of the Code of Ethics for Public Officials, General Statutes Chapter 10, Part 1. (Appeal, ¶¶ 2 and 3; Return of Record [ROR], Item 1: Letter of complaint, dated June 15, 1994 from Olgin to commission.) On August 1, 1994, the commission notified Merchant of the filing of the complaint, and informed Merchant that there was sufficient evidence to warrant an inquiry into the complaint. (ROR, Item 3: Notice to Merchant of complaint.) After the preliminary hearing, the commission advised Merchant that there was probable cause to believe that he had violated General Statutes § 1-84 (c)[1]
by improperly certifying his state attendance records to include hours when he was, in fact, out-of-state attending the Masters and Walker Cup Golf Tournaments in his capacity as a member of the United States Golf Association's (USGA) Executive Committee.[2] (Appeal, ¶ 6; ROR, Item 8: Notice of Termination of Preliminary Investigation and Results Thereof, dated April 17, 1995.) As to two other counts, the committee stated that there was probable cause to believe that Merchant improperly used his office for financial gain in violation of General Statutes § 1-84 (c), but decided not to pursue the matter since the gain at issue was de minimis. (ROR, Item 8.) The committee did not find probable cause to pursue the remaining two counts of improper conduct alleged by Olgin. (ROR, Item 8.)
On April 17, 1995, the commission issued a press release which discussed Olgin's complaint and its finding of probable cause as to one of those allegations contained therein. (ROR, Item 9: Press Release, with attachments, dated April 17, 1995.) In November, 1995, the commission held a violation hearing in front of Judge Trial Referee, George D. Stoughton, as mandated by General Statutes § 1-82 (b). On January 24, 1996, the commission issued its decision, in which it found that Merchant had violated General Statutes § 1-84 (c) by failing to take a full vacation day or personal leave day for each of the days he CT Page 8610 went out of state to attend golf tournaments in his private capacity. (ROR, Item 40: Commission Finding dated January 24, 1996.) The commission explained that Merchant used his office for financial gain by unilaterally determining that it was appropriate to claim work time when out of state on personal business and thereafter vouching, as the head of the OCC, for the accuracy of his own time sheets. (ROR, Item 40.) The commission also found that vacation time accrued by Merchant was of specific and substantial monetary value, since he would be reimbursed fully for accrued vacation time upon leaving state service. (ROR, Item 40.) The commission further imposed a civil penalty in the amount of $1000 against Merchant and ordered that he cease and desist from committing this violation of the Code of Ethics. (ROR, Item 40.)
JURISDICTION
Merchant appeals from a decision of the commission, in which it found that he violated General Statutes § 1-84 (c), pursuant to General Statutes §§ 1-87 and 4-183. In order to take advantage of a statutory right of appeal, parties must comply strictly with the statutory provisions that create such a right. Simko v. Zoning Board of Appeals, 206 Conn. 374, 377,538 A.2d 202 (1988). The statutory provisions are mandatory and jurisdictional in nature, and failure to comply will result in dismissal of an appeal. Id. Aggrievement
General Statutes § 1-87 reads: "Any person aggrieved by any final decision of the commission, made pursuant to this part, may appeal such decision in accordance with the provisions of . . . section 4-183." See also General Statutes § 1-82
(b). "[P]leading and proof of aggrievement are prerequisites to the trial court's jurisdiction over the subject matter of a plaintiff's appeal." Jolly Inc. v. Zoning Board of Appeals,237 Conn. 184, 192, 676 A.2d 831 (1996). The Supreme Court has held that compliance with the aggrievement requirement encompasses a twofold test. Primerica v. Planning Zoning Commission,211 Conn. 85, 92, 558 A.2d 646 (1989). "First, the party claiming aggrievement must demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must establish that this specific, personal and legal interest has been specially and injuriously affected by the decision." (Internal quotation marks omitted.) Id., 92-93. "The question of CT Page 8611 aggrievement is one of fact to be determined by the trial court on appeal." Id., 93.
The commission found that Merchant violated General Statutes § 1-84 (c) by not taking vacation or personal leave time for the days he was outside the state attending golf tournaments. Furthermore, the commission fined Merchant $1000 for this violation. Since Merchant has established that his personal interest has been injuriously affected by the commission's decision, the Court finds that he is aggrieved.
Timeliness and Service of Process
General Statutes § 4-183 (a) provides, in pertinent part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section." General Statutes 1-82 (b) provides that the finding of the commission "shall be deemed to be the final decision of the commission on the matter for the purposes of Chapter 54. The respondent, if aggrieved by the finding and memorandum, may appeal therefrom to the Superior Court in accordance with the provisions of Section 4-183." Since the commission's finding is a final decision, it is submitted that Merchant has exhausted his administrative remedies and is permitted to bring this appeal.
General Statutes § 4-183 (c) provides, in pertinent part, that "[w]ithin forty-five days after mailing of the final decision under § 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the Attorney General in Hartford and file the appeal with the clerk of the superior court . . . for the judicial district wherein the person appealing resides . . . ." The record does not show when the final decision of the commission was mailed or delivered to Merchant. It is undisputed, however, that the commission issued its decision on January 24, 1996. (Merchant's Appeal, ¶ 12; Commission's Brief, p. 2.) Merchant filed the appeal on February 13, 1996, and its copy was served on the State Ethics Commission and Attorney General Richard Blumenthal. (Attorney Brennan's Affidavit of Service) The Court finds the appeal was brought in a timely fashion and a copy of the appeal was served on the proper parties. CT Page 8612
STANDARD OF REVIEW
"Appellate review of an agency's decision is of limited scope." Kaeser v. Conservation Commission, 20 Conn. App. 309,311, 567 A.2d 383 (1989). The Connecticut Supreme Court has "reaffirmed the well established [principle] that when challenging an administrative agency decision, the plaintiff has the burden of proof . . . ." (Internal quotation marks omitted.)Newtown v. Keeney, 234 Conn. 312, 319, 661 A.2d 589 (1995). General Statutes § 4-183 (j) reads: "The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial
rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) in excess of the statutory authority of the agency; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings." (Emphasis added.) General Statutes § 4-183 (i) provides, in pertinent part: "The appeal shall be conducted by the court without a jury and shall be confined to the record. If alleged irregularities in procedure before the agency are not shown in the record . . . proof limited thereto may be taken in the court. The court, upon request, shall hear oral argument and receive written briefs."
DISCUSSION
Merchant raises several claims of improper conduct on the part of the commission in its handling of his case: (a) the commission failed to provide Merchant with timely notice of the filing of the complaint; (b) the commission revealed the existence of the Olgin's complaint, in writing, to the Chairman of the Department of Public Utility Control (DPUC) in violation of General Statutes §§ 1-82a(a) and 1-82a(b), and in violation of Merchant's civil rights; (c) the commission opened Merchant's file to the public including information on those charges for which there was no finding of probable cause in violation of CT Page 8613 General Statutes § 1-82a(d); (d) the commission failed to cite any statutory or regulatory authority, as stated in its decision, which "required [Merchant] to charge a full day of vacation time or personal leave time whenever he went out of state or personal business . . . ."; therefore, there is no provision in any statute or properly adopted regulation to support the decision of the commission, (e) the commission improperly received into evidence a document entitled "Handbook for Appointed Officials"; (f) the commission did not notify Merchant or his counsel of a hearing conducted on February 2, 1996, regarding the matter; and (g) the denial of Merchant's Motion to Dismiss for lack of jurisdiction. (Appeal, ¶¶ 5-20.) Based on these alleged violations, Merchant argues that the court should sustain the appeal on the grounds that: (1) the commission acted in excess of its statutory authority; (2) the commission acted in violation of constitutional and statutory provisions; (3) the commission's decision was clearly erroneous and was not supported by substantial evidence; (4) the commission's decision was arbitrary, capricious, and in abuse of its discretion; and (5) the commission violated Merchant's procedural and substantive and due process rights.[3] (Appeal, ¶ 21j.)
Authority of the Commission
Merchant argues that the commission has no jurisdiction to hear matters involving enforcement of personnel procedures relating to work hours and employment conditions. Merchant maintains that the commission has responsibility to police state employees and officials in their relations with outsiders; moreover, issues concerning personnel management have been delegated to the Department of Administrative Services, not the commission. See General Statutes § 5-193 et seq.
Merchant has not provided any case law or legislative history to support his contention that the commission has responsibility to police state employees and officials in only those instances where improper conduct involves an outside party. General Statutes § 1-84 (c) provides, in pertinent part, that "no public official or state employee shall use his public office or position . . . to obtain financial gain for himself . . . ." In his complaint, Olgin had alleged that Merchant was not taking vacation or personal leave time while he was attending golf tournaments. It is submitted that the committee had jurisdiction under General Statutes § 1-84 (c) to investigate whether Merchant was using his position as Consumer Counsel to obtain CT Page 8614 payment for work to which he was not entitled. Although it might be true that the Department of Administrative Services may have jurisdiction to discipline a public official for improper conduct, Merchant has failed to show that it has exclusive authority in that area. See General Statutes §§ 5-194; 5-267; and 5-268.
Notice and Jurisdiction
Merchant claims that the commission's failure to provide notice of the filing of the complaint and a copy of the complaint within five days of its receipt as required by General Statutes § 1-82 (a)(1)[4] constitutes a jurisdictional defect. The record shows that the complaint was filed on June 15, 1994. (ROR, Item 1.) Merchant was sent notice by certified mail of filing of the complaint and a copy of the complaint on August 1, 1994.[5]
(Appeal, ¶ 4; ROR, Item 3: Notice to Merchant of Complaint, dated August 1, 1994.) The commission maintains that this notice was proper under General Statutes (Rev. to 1993) § 1-82 (a), which was in effect at the time.
General Statutes (Rev. to 1993) § 1-82 (a) provides, in pertinent part: "Upon the complaint of any person . . . the commission shall, after meeting and determining that there is sufficient evidence to warrant such inquiry, investigate any alleged violations of this part. . . . The commission shall not later than five days after so meeting notify by registered or certified mail any respondent against whom such complaint is filed and a copy of such complaint shall accompany such notice." Public Acts 1994, No. 94-132, changed the notice requirement effective October 1, 1994, by directing the commission to provide notice of the filing of the complaint and a copy of the complaint within five days after the receipt or issuance of such complaint. Public Act 94-132, however, was not effective at the time Olgin's complaint was filed in June of 1994. General Statutes (Rev. to 1993) § 1-82 (a) was the effective statute at the time. The commission conducted its sufficiency of evidence meeting on July 29, 1994. (ROR, Item 3.). Since the commission mailed the notice of the filing of the complaint and a copy of the complaint within five days of the sufficiency of evidence meeting, the commission provided Merchant with proper notice and therefore no jurisdictional defect exists.
Procedural Issues
CT Page 8615
Merchant claims that a multiplicity of procedural errors denied him an opportunity to receive a fair hearing, and violated his due process rights. General Statutes § 4-183 (j), provides in pertinent part: "The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . (3) made upon unlawful procedure . . . If the court finds such prejudice, it shall sustain the appeal and, if appropriate, may render a judgment under subsection (k) of this section or remand the case for further proceedings." (Emphasis added.) In the administrative context, "not all procedural irregularities require a reviewing court to set aside an administrative decision; material prejudice to the complaining party must be shown." (Internal quotation marks omitted.)Jutkowitz v. Department of Health Services, 220 Conn. 86, 97,596 A.2d 374 (1991). "An administrative proceeding is not `tainted' by procedural irregularities unless substantial rights of the parties have been prejudiced." Owens v. New Britain GeneralHospital, 32 Conn. App. 56, 69 n. 5, 627 A.2d 1373 (1993), aff'd,229 Conn. 592, 643 A.2d 233 (1994). The appeal should be sustained only if Merchant can show that his rights have been substantially prejudiced by the alleged improper or unlawful conduct of the commission.
 A
Merchant claims that the commission violated the express mandate of General Statutes § 1-82a by disclosing the existence of the complaint before a finding as to probable cause had been made by the commission. The commission, in a letter dated September 19, 1994, informed the Chairman of the DPUC that Olgin had filed a complaint against Merchant; the letter, however, did not contain any information about the nature of the charges. (Court's Exhibit E: Letter from Alan S. Plofsky, Executive Director and General Counsel for the commission, to the Chairman of the DPUC dated September 19, 1994.) The letter was in regards to Merchant's decision to suspend Olgin for five days without pay. (Court's Exhibit E.) In that letter, the commission informed the Chairman about its long-standing commitment to protecting its complainants, and recommended that Merchant not be allowed to make any disciplinary decisions involving Olgin during the pendency of the commission's inquiry. (Court's Exhibit E.) The commission did not issue its finding as to probable cause until April 17, 1995. (ROR, Item 8.) CT Page 8616
In In re Zoarski, 227 Conn. 784, 785, 632 A.2d 1114 (1993), a judge was suspended by the judicial review council (council) for judicial misconduct. The judge argued that the council was required to dismiss the charges against him because the complainant had made improper public disclosures of the charges he had filed. Id., 794. General Statute § 51-511 (a), provided, in pertinent part, that: "[A]ny investigation to determine whether or not there is probable cause that conduct under section 51-51i has occurred shall be confidential . . . ."Id., 788 n. 7. The Supreme Court observed that the legislature had not expressly imposed a sanction of dismissal of charges for a violation of General Statutes § 51-511 (a). Acknowledging the public interest in the proper disposition of charges of misconduct, the Supreme Court ruled that "[i]n the absence of allegation or proof that [the complainant's] public disclosure had any impact whatsoever on the fairness of the council's deliberations, dismissal of the charges was not required." Id., 1794-95.[6]
General Statutes § 1-82a(a) provides, in pertinent part: "Unless the commission makes a finding of probable cause, a complaint alleging a violation of this part shall be confidential except upon the request of the respondent." It is the commission's position that General Statutes § 1-82a(b), not § 1-82a(a), governs when it is conducting a confidential investigation. General Statutes § 1-82a(b) reads: "An investigation conducted prior to a probable cause finding shall be confidential except upon the request of the respondent. If the investigation is confidential, the allegations in the complaint
and any information supplied to or received from the commission shall not be disclosed during the investigation to any third party by a complainant, respondent, witness, designated party, or commission or staff member." (Emphasis added.) The commission argues that General Statutes § 1-82a(b) requires only that a copy of the complaint and/or its content not be disclosed.
In the present case, the commission revealed the existence of the complaint to the Chairman of the DPUC in the course of conducting its investigation. The commission, however, did not disclose any allegations in the complaint. General Statutes1-82a(b) does not require that the commission keep confidential the fact that a complaint has been filed. The court agrees with the commission that subsection (b), rather than (a), of General Statutes § 1-82a is the applicable provision. The court finds CT Page 8617 that the commission did not violate the confidentiality requirement of General Statutes § 1-82a. If, however, the court were to find that subsection (a) of General Statutes §1-82a must be adhered to when the commission conducts its investigation, it is unclear whether the commission violated the confidentiality requirement of General Statutes § 1-82a. Unlike subsection (b), subsection (a) of General Statutes §1-82a could be interpreted as prohibiting disclosure of the fact that a complaint has been filed against a certain party. Assuming arguendo that General Statutes § 1-82a(a) applies and was violated, it is submitted that absent a showing of prejudice, such a violation is not sufficient to sustain the appeal.
Merchant has provided the court with two newspaper articles in support of his position that the commission's deliberations were impacted by the media publicity resulting from the breach of confidentiality. (Merchant's Supplemental Brief.) The Connecticut Law Tribune article stems from Olgin filing suit against Merchant in federal court for civil rights violations. The information contained in that article came from the complaint filed by Olgin in that suit, and not the complaint filed with the commission. The Hartford Courant article dated January 1, 1995, states that "[t]he State Ethics Commission is investigating" alleged misconduct on part of Merchant. Merchant has provided no proof that these articles were written as a result of the letter sent by Plofsky to the Chairman of the DPUC. Even assuming that these articles resulted from that letter, it is submitted that they do not prove that media publicity had any impact on the fairness of the commission's deliberations in this case. Since Merchant has failed to show that his case was prejudiced in any way by this disclosure, the court cannot sustain the appeal on this ground.
 B
Merchant claims that the commission violated General Statutes § 1-82a(d) by releasing to the public the result of its preliminary investigation and a copy of the entire complaint, both of which contained allegations for which no probable cause was found.[7] (ROR, Item 9.) General Statutes § 1-82a(d) provides, in pertinent part: "If the commission makes a finding of no probable cause, the complaint and the record of its investigation shall remain confidential . . . ." (Emphasis added.) In the present case, the commission found that there was probable cause to believe that Merchant had improperly certified his attendance records to include hours when he was attending CT Page 8618 golf tournaments. (ROR, Item 9.)
General Statutes § 1-82a(e) provides, in pertinent part: "The commission shall make public a finding of probable cause not later than five business days after the termination of the investigation. At such time the entire record of the investigation shall become public . . . ." (Emphasis added.) General Statutes § 1-82a(e) does not limit the disclosure to that part of the record which relates to allegations for which probable cause was found by the committee. "[C]ourts must construe statutory provisions as they are written . . . ." Zachsv. Groppo, 207 Conn. 683, 690, 542 A.2d 1145 (1988). They should not construe a statute whose meaning is plain and unambiguous.Wright v. Commissioner of Correction, 216 Conn. 220, 225,578 A.2d 1071 (1990). The plain meaning of the statute is that the committee must make public the "entire record" of its investigation, once it finds probable cause to believe that a public official has committed an ethical violation. See Town ofHamden v. Freedom of Information Commission, Superior Court, judicial district of New Haven at New Haven, Docket No. 350814 (August 9, 1994, Maloney, J.) (9 C.S.C.R. 913) (under unambiguous language of General Statutes § 1-82a(e), the "[commission] must disclose the entire record of its investigation of the case"). Since the phrase "entire record" is unambiguous; id; it is submitted that the committee did not err in making public those portions of the record for which no probable cause was found.
 C
Merchant claims that the commission issued an illegal investigatory subpoena for production of records at a time and place where no meeting of the commission was contemplated or scheduled. General Statute § 1-82 (a)(2) provides, in pertinent part: "In the conduct of its investigation of an alleged violation of this part, the commission shall have the power to hold hearings, administer oaths, examine witnesses, receive oral and documentary evidence, subpoena witnesses under procedural rules adopted by the commission as regulations in accordance with the provisions of Chapter 54 to compel attendance before the commission and to require the production for examination by the commission of any books and papers which the commission deems relevant in any matter under investigation or in question." Under General Statutes § 1-82 (a)(2), the commission has the power to issue a subpoena to examine any CT Page 8619 documents that it believes to be relevant to its investigation. Merchant has failed to show that the subpoena issued by the commission was not within its grant of statutory authority. Therefore the Court finds Merchant's claim that the commission issued an illegal investigatory subpoena is without merit.
 D
Merchant claims that the commission violated his due process rights by not notifying him of the hearing on February 6, 1996, at which the commission decided to report to the Chief State's Attorney the possible commission of a crime involving destruction of subpoenaed records by Merchant. That hearing is not part of the record. The commission issued its finding on January 26, 1996, as to whether Merchant had violated General Statutes §1-84 (c) by using his office for personal financial gain. Whether the commission subsequently decided to report the possible commission of a crime by Merchant to the Chief State's attorney is irrelevant to the present appeal. Even assuming, however, that the commission's decision to report the possible commission of a crime could be considered part of the present appeal, the court finds that the commission was not required to give Merchant a hearing before making such a report.
General Statutes § 1-82a(a) provides, in pertinent part: "No provision of this subsection shall prevent the Ethics Commission from reporting the possible commission of a crime to the Chief State's Attorney or other prosecutorial authority." The statute does not require that the commission notify the party against whom the report is going to be made or that the commission hold a hearing before making the report. General Statutes § 1-82a(a) also states that a complaint shall kept be confidential, unless the commission makes a finding of probable cause. Therefore, the statute permits the commission to report the possible commission of a crime even when it finds no probable cause and the complaint, otherwise, is to be kept confidential. Moreover, if Merchant's argument were accepted, the commission would have to hold a separate hearing on the issue of whether a party possibly committed a crime, even though the commission had already determined after the sufficiency of evidence meeting that it had no probable cause to proceed with the matter. Since General Statutes § 1-82a(a) does not require notice or a hearing before the commission makes a report to the State's Attorney about the possible commission of a crime, the court finds that Merchant's due process rights were not CT Page 8620 violated.
 E
As to all of the procedural irregularities claimed by Merchant, it is submitted that the commission did not violate his due process rights. Except for the possible breach of confidentiality by the commission, it is submitted that Merchant has failed to prove procedural error. Even assuming that the commission committed every one of the procedural errors complained of by Merchant, the court will not sustain this appeal on that basis because Merchant has failed to show that any procedural errors resulted in material prejudice to his case. SeeOwens v. New Britain General Hospital, supra, 32 Conn. App. 69
n. 5; General Statutes § 4-183 (j)(3). See also Jutkowitz v.Department of Health Services, 220 Conn. 86, 94 (1991) (in order to obtain reversal of an agency's decision, the plaintiff must demonstrate that he suffered "material prejudice as a result of [an] alleged procedural deficiency").
Evidentiary Issue
Merchant claims that the commission exceeded its statutory authority by admitting into evidence "The Handbook for Appointed Officials" (Handbook) since the interpretation and/or enforcement of the Handbook was not legislatively delegated to the commission. (ROR, Item 27.) Merchant further argues that the Handbook has no force of law and is only a policy guideline.
General Statutes § 1-82 (b) provides, in pertinent part: "[A] judge trial referee . . . shall preside over [the violation] hearing and shall rule on all matters concerning the application of the rules of evidence, which shall be the same as in judicial proceedings." In order for evidence to be admissible, the court must find that it is relevant. "Relevant evidence is evidence that has a logical tendency to aid the trier in the determination of an issue. . . . So long as the evidence may reasonably be construed in such a manner that it would be relevant, it is admissible." State v. Evans, 44 Conn. App. 307, 314,689 A.2d 494, cert. denied, 240 Conn. 924, 692 A.2d 819 (1997).[8] In the present case, the Handbook was clearly directed to officials appointed by the Governor, which includes Merchant. The Handbook was, therefore, relevant to the proceedings, and judge trial referee, George D. Stoughton, correctly admitted the Handbook CT Page 8621 into evidence. Merchant's attorney stated during the hearing that the Handbook "[was] totally relevant to this proceeding." (ROR, Item 38, p. 15.)
Moreover, Merchant's attorney did not object to the admission of the Handbook during the hearing. (ROR, Item 38, p. 18.) "Our rules of practice make it clear that counsel must object to a ruling of evidence, state the grounds upon which objection is made, and take exception to the ruling to preserve the grounds for appeal. Practice Book § 288. These requirements are not simply formalities. . . . [The court] will not consider evidentiary rulings where counsel did not properly preserve a claim of error by objection and exception." (Citations omitted.)State v. Lizotte, 200 Conn. 734, 742, 517 A.2d 610 (1986). Because the plaintiff's attorney did not properly preserve his claim of error by objecting at the time of the Handbook's admission, the court need not review the plaintiff's claim.
Even though the Handbook was admissible, the question remains whether the commission was correct in relying on the Handbook to find that Merchant had violated General Statutes § 1-84 (c). As pointed out by Merchant, the commission does not have any statutory authority to enforce the provisions of the Handbook. (Court's Exhibit N.) Also, the Handbook was not created pursuant to a statute or adopted as a regulation. (Court's Exhibit N.) Merchant claims that, as Consumer Counsel, he did not have any set hours, and therefore, the Handbook did not apply to him. Stephen Negri, former Commissioner of the Department of Administrative Service, testified that the Handbook was a direct order of the Governor, and applied to all appointed officials. (ROR, Item 38, pp. 15-16.) The Foreword of the Handbook states, in pertinent part: "This handbook has been designed to provide some information about work policies, regulations and benefits regarding your appointment and can be a handy reference. It highlights many important aspects about work in the executive branch." (ROR, Item 27, p. 4.) Merchant testified that he took vacation and sick time in reliance on the provisions of the Handbook granting him such a right.[9] (ROR, Item 39, p. 151.)
"There are two essential elements to an estoppel — the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief, and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done." (Internal quotation CT Page 8622 marks omitted.) DeLuca v. C. W. Blakeslee Sons, Inc.,174 Conn. 535, 544-45 (1978). Black's Law Dictionary (5th Ed.), defining estoppel, states that "[a]n inconsistent position, attitude or course of conduct may not be adopted to loss or injury of another." In the present case, Merchant relied on the Handbook to receive his benefits and submitted time sheets to the state vouching for their accuracy.
The state compensated Merchant and calculated accrued vacation time based on these time sheets. By admitting that he relied on the Handbook to receive his benefits, Merchant cannot claim that the Handbook section entitled "Work Hours" did not apply to him. That section clearly contemplates that an appointed official keep a record of hours worked and vacation time. Furthermore, Merchant's claim that he had no set hours is undermined by the fact that he submitted time sheets to the state, which were used to calculate his pay for that period. By submitting time sheets, Merchant implicitly agreed to that method for keeping a record of his work hours. Since the state relied on the accuracy of the time sheets submitted by Merchant to pay him, it is submitted that it would be inconsistent to allow Merchant to now claim that those time sheets were meaningless and that he was not required to keep a record of his work time.[10] By relying on the Handbook to receive his benefits and vouching for the accuracy of the time sheets, it is submitted that Merchant is estopped from claiming that the Handbook did not apply to him. Even though Merchant may be correct in arguing that the Handbook has no force of law, the court finds that Merchant's own actions estop him from claiming that the commission erroneously relied on the Handbook to find an ethics violation.
Substantial Evidence
Lastly, Merchant claims that the commission's decision that he violated General Statutes § 1-84 (c) was not supported by substantial evidence. "In reviewing the final decision of an administrative agency, the trial court must determine whether there is substantial evidence in the administrative record to support the agency's findings of fact and whether the conclusions drawn from those facts were reasonable. Dolgner v. Alander,237 Conn. 272, 280, 676 A.2d 865 (1996)." Joyell v. Commissioner ofEducation, 45 Conn. App. 476, 488, ___ A.2d ___ (1997). "`Judicial review of [an administrative agency's] action is governed by the Uniform Administrative Procedure Act . . . and the scope of that review is very restricted. . . . Neither this CT Page 8623 court nor the trial court may retry the case or substitute its own judgment for that of the [administrative agency]. . . . The court's ultimate duty is only to decide whether, in light of the evidence, the [agency] has acted unreasonably, arbitrarily, illegally, or in abuse of [its] discretion.'" Id., quoting Boardof Education v. Freedom of Information Commission, 208 Conn. 442,452, 545 A.2d 1064 (1988). "A reviewing court must defer to the agency's assessment of the credibility of the witnesses and to the agency's right to believe or disbelieve the evidence presented . . . in whole or in part." (Internal quotation marks omitted.) Pet v. Dept. of Health Services, 228 Conn. 651, 668,638 A.2d 6 (1994). "`The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court shall affirm the decision of the agency unless the court finds that substantial rights of the person appealing have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion. . . .' General Statutes §4-183 (j)." Joyell v. Commission of Education, supra,45 Conn. App. 489-90.
The substantial evidence rule "is similar to the `sufficiency of the evidence' standard applied in judicial review of jury verdicts, and evidence is sufficient to sustain an agency finding if it affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." (Internal quotation marks omitted.) Huck v.Inland Wetlands Watercourses Agency, 203 Conn. 525, 541,525 A.2d 940 (1987). The possibility that two inconsistent conclusions may be drawn "from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (Internal quotation marks omitted.) Id., 541.
The following facts are undisputed. As a member of the United States Golf Association, Merchant attended the Masters and Walker Cup Golf Tournaments between 1992 and 1994. (ROR, Item 20). On those days that he was at the golf tournaments, Merchant did not go to the OCC. Handbook section entitled "Work Hours" provides, in pertinent part: "If you [an appointed official] are absent for CT Page 8624 an entire day, it must be for either vacation, personal or sick leave." Even though he was absent from work for the entire day, Merchant claimed several hours as work time, instead of charging a full day of vacation time. General Statutes § 1-84 (c) provides, in pertinent part, that: "no public official or state employee shall use his public office or position . . . to obtain financial gain for himself . . . ." Merchant submitted time sheets vouching for their accuracy as the head of the OCC. Because Merchant received partial pay for days spent out of the office and accrued vacation time which has monetary value, it is submitted that the commission's decision finding that Merchant used his public office to obtain financial gain in violation of General Statutes § 1-84 (c) was not arbitrary or illegal and was supported by substantial evidence.
CONCLUSION
The Court finds that Merchant has failed to prove procedural error or a violation of his due process rights. Even assuming that the commission committed every one of the procedural errors claimed by Merchant, the court does not sustain the appeal on this ground because Merchant has failed to show that procedural errors resulted in material prejudice to his case. After a review of the record, the evidence presented at the hearing on May 1, 1997 and the briefs, the court finds the decision of the commission finding that Merchant violated General Statutes §1-84 (c) was not arbitrary or illegal and was supported by substantial evidence. Therefore the appeal is dismissed.